JULIE A. DUNNE, Bar No. 160544
jdunne@littler.com
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

DOMINIC J. MESSIHA, Bar No. 204544
dmessiha@littler.com
MATTHEW J. SHARBAUGH, Bar No. 260830
msharbaugh@littler.com
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
NORDSTROM, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIKA TSENG, individually and on behalf of other current and former employees (as a representative action),<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC., and Does 1 through 50, inclusive,<br><br>Defendants. | Case No.: 11-08471 CAS (MRWx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE CHRISTINA A. SNYDER<br><br>**NOTICE OF RULING** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

**TO THE HONORABLE COURT AND PLAINTIFF JESSIKA TSENG AND HER ATTORNEYS OF RECORD:**

At the time the above-captioned case was assigned to this Court, the Parties were awaiting rulings in a related matter pending in the U.S. District Court for the Central District of California, *Trang Nguyen v. Nordstrom, Inc.*, Case No. SACV11-1334 DDP (MLGx). This Court conducted several telephonic status conferences with the Parties since January 2012, during which the Parties were advised to notify the Court once Judge Pregerson issued his ruling(s) on the pending Motion to Remand and/or Motion to Transfer the *Nguyen* action to the Southern District of California.

On May 31, 2012, Judge Pregerson issued an Order Granting Plaintiff Nguyen's Motion to Remand the *Nguyen* case to the Superior Court of California for the County of Orange, and Vacating Nordstrom's Motion to Transfer as moot. A copy of the order is attached hereto as Exhibit A.

Dated: June 1, 2012

/s/
JULIE A. DUNNE
DOMINIC J. MESSIHA
MATTHEW J. SHARBAUGH
LITTLER MENDELSON
Attorneys for Defendant
NORDSTROM, INC.

Firmwide:112139574.1 058713.1034

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

# EXHIBIT A

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANG NGUYEN,<br><br>    Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC., a<br>Washington corporation,<br><br>    Defendant. | Case No. SACV 11-01334 DDP (MLGx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Dkt. Nos. 8, 14, 23] |

    Presently before the court is Plaintiff Trang Nguyen's Motion to Remand Case to Orange County Superior Court. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

    Plaintiff worked as an hourly, commissioned salesperson at one of Defendant Nordstrom, Inc. ("Nordstrom")'s stores between October 2006 and February 2011. (Complaint ¶ 21.) Plaintiff alleges that Defendant did not record all employee work hours and did not pay wages for all hours worked. (Id. ¶ 24.) Plaintiff filed a purported class action in Orange County Superior Court alleging

1  nine causes of action for violations of the California Labor Code
2  and California Business and Professions Code, including failure to
3  pay wages owed upon termination, failure to provide accurate wage
4  statements, and failure to provide seating.  Nordstrom removed to
5  this court under the Class Action Fairness Act of 2005 ("CAFA").
6  Plaintiff now moves to remand this matter to state court.
7  **II.  Legal Standard**
8       A defendant may remove a case from state court to federal
9  court if the case could have originally been filed in federal
10 court.  28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561
11 F.2d 787, 789 (9th Cir. 1977).  The removal statute is strictly
12 construed against removal jurisdiction, and federal jurisdiction
13 must be rejected if any doubt exists as to the propriety of
14 removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).
15      Generally, federal subject matter based on diversity
16 jurisdiction exists only where "the matter in controversy exceeds
17 the sum or value of $75,000 exclusive of interest and costs."  28
18 U.S.C. § 1332(a).  However, CAFA amended section 1332 to add
19 subsection (d), which changed the rules regarding the exercise of
20 diversity jurisdiction over class actions.  Class Action Fairness
21 Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified as 28 U.S.C.
22 §§ 1711-1715, 1332(d), 1335, 1603, 1453, 1441 (2005)).  Under
23 Section 1332(d), a federal court may exercise diversity
24 jurisdiction over a class action only if the aggregate amount of
25 the class members' claims exceeds $5,000,000.
26      The removing party bears the burden of proving federal
27 jurisdiction.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.
28 1996); see also Matheson v. Progressive Specialty Ins. Co., 319

1  F.3d 1089, 1090 (9th Cir. 2003). In assessing whether the amount
2  in controversy requirement is satisfied, the court may consider
3  summary judgment-type evidence. <u>Valdez v. Allstate Ins. Co.</u>, 372
4  F.3d 1115, 1117 (9th Cir. 2004). A removing defendant must,
5  however, show to a "legal certainty" that the jurisdictional
6  minimum is met. <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994,
7  998-999 (9th Cir. 2007).

**III. Discussion**

A plaintiff can plead to avoid federal jurisdiction, and may seek less than she may be entitled to if she wishes to remain in state court. <u>Id.</u> at 999. Here, Plaintiff's complaint alleges that the total amount sought, inclusive of damages, penalties, and attorneys' fees, is less than $5 million. In an effort to prove to a legal certainty that Plaintiff's assessment is incorrect, Nordstrom relies upon the declaration of Janis Walsh ("Walsh"), Nordstrom's Vice President of Human Resources Operations. (Declaration of Janis Walsh in Support of Notice of Removal ¶ 1.) According to Walsh, "based on the data available to Nordstrom," Nordstrom employed 11,180 people as hourly, commissioned salespersons between June 2007 and May 2011. (Walsh Dec. ¶ 6.) Of those, 5,440 workers, including Plaintiff, ceased employment within the relevant period. (Walsh Dec. ¶ 9.) Of the putative class of "[a]ll non-exempt or hourly paid employees who worked for Defendants in California as a salesperson," 2,584 workers were continuously employed in the one-year period preceding Plaintiff's complaint. (Compl. ¶ 16, Walsh Dec. ¶ 8.)

Nordstrom extrapolates from these figures that the amount in controversy here is upward of $25 million. (Notice of Removal at

1-13.) To arrive at this figure, Nordstrom multiplied potential damages and penalties by the number of workers and, if applicable, the number of pay periods. For example, Nordstrom asserts that 5,440 workers ceased employment during the class period. (Walsh Dec. ¶ 9.) Under California Labor Code § 203, Plaintiffs may recover a day's wages in "waiting time" penalties for each day of an employer's failure to pay wages owed upon separation, up to a maximum of thirty days. Here, Nordstrom calculated class members' average daily wage to be $13.21 per hour, or $105.68 per day. (Walsh Dec. ¶ 7.) By multiplying $105.68 by the maximum number of "waiting time" penalty days (30) by the number of employees who ceased employment during the class period (5,440), Nordstrom arrives at a figure of $17,246,976, well in excess of CAFA's jurisdictional minimum.[1][2] (Notice of Removal at 11.)

Nordstrom's calculations, though logical, are premised upon assumptions and inferences that, reasonable though they may be, cannot establish that the jurisdictional minimum is met to a "legal certainty." As an initial matter, the basis for Nordstrom's estimates of class (and subclass) size is itself unclear. The Walsh declaration states only that Walsh's estimates of class size are based "on the data available to Nordstrom," without any further

---

[1] Nordstrom performs similar calculations to reach amount in controversy figures of approximately $2.8 million and $5.6 million with respect to Plaintiff's wage statement and seating claims, respectively.

[2] Even if class members earned the California minimum wage of eight dollars per hour, the amount in controversy, by Nordstrom's estimate, would exceed $10.4 million.

1  explanation.³ Furthermore, Nordstrom's calculations assume that
2  every employee who ceased employment was 1) owed unpaid wages at
3  the time of separation and 2) did not receive the unpaid wages
4  within thirty days of separation. Plaintiff, however, has not made
5  any such allegation, nor does Nordstrom provide any evidence that
6  such is the case. In addition, Nordstrom has neither asserted nor
7  provided evidence establishing that every terminated employee was
8  subject to the same wage policies and/or practices, which may well
9  have varied from region to region, store to store, or even
10 supervisor to supervisor. Courts presented with similar
11 evidentiary deficiencies have regularly found CAFA's jurisdictional
12 requirements unmet. See, e.g. Lowdermilk, 479 F.3d at 1000-1002;
13 Jones v. ADT Servs., Inc., No. CV 11-7750 PSG, 2012 WL 12744 *4
14 (C.D. Cal. January 3, 2012); Rhoades v. Progressive Gas Ins. Co.,
15 Inc., No. CV 10-1788 GEB, 2010 WL 3958702 *3-7 (E.D. Cal. October
16 8, 2010). Given the speculative nature of the evidence, Nordstrom
17 has failed to show to a legal certainty that the amount in
18 controversy here exceeds $5 million.

23 ///
24 ///
25 ///

---

27 ³ Walsh's estimate of the average hourly pay, in contrast, is based upon data available to Nordstrom from "records of the hours
28 that employees actually work . . . and the base hourly rates for employees." (Walsh Dec. ¶ 7.)

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED.[4]

IT IS SO ORDERED.

Dated: May 30, 2012

DEAN D. PREGERSON
United States District Judge

---

[4] Defendant's Motion to Transfer Case (Dkt. No. 14) is VACATED as moot.