UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                           Not Present

**Proceedings:**  (In Chambers:) **PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** (filed 7/2/2012)

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed 7/2/2012)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 30, 2012, is hereby vacated, and the matter is taken under submission.

## I.     INTRODUCTION & BACKGROUND

On September 9, 2011, plaintiff Jessika Tseng filed a complaint in the Los Angeles County Superior Court against defendant Nordstrom, Inc. ("Nordstrom"). Plaintiff was employed by Nordstrom as a cosmetics counter salesperson from August 2008 until May 31, 2011, at several locations in California. Compl. ¶ 6. Plaintiff alleges that Nordstrom violated California Labor Code § 1189 and Industrial Welfare Commission Order No. 7-2001, § 14,[1] by failing to provide suitable seats to cosmetic counter salespeople throughout California.

---

[1] Order No. 7-2001 regulates wages, hours, and working conditions. § 14 requires that "all working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

Plaintiff originally filed this case as a representative action on behalf of herself and other cosmetic counter salespeople under the California Private Attorney General Act of 2004, California Labor Code § 2698 et seq., ("PAGA").

On October 13, 2011, defendant removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 1453, and 1711–1715.

On July 2, 2012, plaintiff filed a motion to amend the scheduling order and for leave to file a first amended complaint ("FAC"). Dkt. No. 36. The same day, defendant filed a motion for judgment on the pleadings. Dkt. No. 35. On July 9, 2012, defendant filed its opposition to plaintiff's motion, Dkt. No. 36, and plaintiff filed her opposition to defendant's motion. Dkt. No. 37. On July 16, 2012, defendant filed a reply in support of its motion, Dkt. No. 42, and plaintiff filed a reply in support of her motion. Dkt. No. 44. After carefully considering the arguments set forth by each party, the Court finds and concludes as follows.

### III. LEGAL STANDARD

#### A. Motion for Leave to File a First Amended Complaint

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or Federal Rule of Civil Procedure 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of March 1, 2012, for amending pleadings. Ct. Order January 19, 2012. Therefore, plaintiff must demonstrate "good

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

cause" for amendment under Rule 16, then if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

### 1. Federal Rule of Civil Procedure 16

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

### 2. Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### B. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

### III. DISCUSSION

#### A. Plaintiff's Motion for Leave to Amend

Plaintiff contends that as of the March 1, 2012 deadline for amending pleadings, it was unclear whether or not a PAGA claim must be brought as a class action in federal court as neither the Ninth Circuit, nor this Court, had ruled on the matter. Plaintiff asserts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

that on June 11, 2012, she learned of this Court's ruling in Fields v. QSP, Inc., CV 12-1238 CAS (PJWx), 2012 WL 2049528, *4 (C.D. Cal. June 4, 2012). In that case, the Court found that Rule 23 "automatically applies in all civil actions and proceedings" in federal court, and therefore that representative PAGA actions must meet the requirements of Rule 23.

Soon thereafter, plaintiff asserts that she sought Nordstrom's agreement to her filing of an amended complaint in order to comply with Rule 23's requirements. When Nordstrom refused to stipulate to the filing of an amended complaint, plaintiff filed her motion to modify the scheduling order and for leave to file an amended complaint. Pl. Mot. at 2–5.

Consequently, plaintiff argues that she has acted diligently such that good cause exists to amend the scheduling order. Id. at 6–9. Plaintiff further argues that the requirements of Rule 15(a) are met because the proposed amendment will not prejudice Nordstrom, because she did not act with undue delay or in bad faith, and because amendment would not be futile. Id. at 9–15.

In response, Nordstrom argues that plaintiff cannot show "good cause" for amending the scheduling order because it "informed plaintiff that Rule 23 applied to her PAGA claims [sic] at the outset of this case." Def. Opp'n at 7. According to Nordstrom, plaintiff had "no conceivable reason" for delaying in seeking to amend her complaint other than to "maximize her tactical litigation advantage" by "skirt[ing] Rule 23 compliance." Id. at 7. Nordstrom further argues that even if plaintiff has demonstrated good cause to modify the scheduling order, plaintiff's amendment would be futile because the 90-day window to move for class certification provided by Local Rule 23-3 has closed. Id. at 9–12. Finally, Nordstrom argues that plaintiff's proposed amendment should be rejected because it will be "severely prejudiced" by plaintiff's delay. Id. at 12–14.

The Court finds that plaintiff has demonstrated good cause to amend the scheduling order.

The "good cause" standard for modifying a scheduling order focuses on "the diligence of the party seeking the amendment." Coleman, 232 F.3d at 1294 (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

quotation omitted). Here, plaintiff acted with reasonable diligence as she sought to modify the scheduling order and requested leave to amend her complaint shortly after learning of the Court's holding in Fields that Rule 23 applies to PAGA claims in federal court. Despite the Court's view on the matter and contrary to Nordstrom's contention, whether Rule 23 applies to PAGA claims remains unsettled. The Ninth Circuit has not addressed the question, and several courts in this District have found that Rule 23 does not apply to PAGA claims. See, e.g., McKenzie v. Fed. Express Corp., 765 F. Supp. 2d 1222, 1233–32 (C.D. Cal. 2011) (Feess, J.); Cardenas v. McLane foodservice, Inc., CV 10–473 DOC (FFMx) (C.D. Cal. Jan. 31, 2011); see also Fields, 2012 WL 2049528, at *4 (recognizing that "federal courts have struggled with whether a plaintiff bringing a PAGA claim in federal court must comply with Rule 23's class action requirements"). Because plaintiff requested leave to file an amended complaint shortly after learning of the Court's decision in Fields, the Court finds that she acted diligently and therefore that "good cause" exists to modify the scheduling order.[2]

Next, the Court finds that the proposed amendment is not futile. An amendment is futile where it "appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaints." Adam v. State of Hawaii, 235 F.3d 1160, 1164 (9th Cir. 2001) (overruled on other grounds). Given this high standard, courts rarely deny motions to amend on this basis. Green Valley Corp v. Caldo Oil Co., 2011 WL 1465883 at *6 (N.D. Cal. Apr. 18, 2011). Here, the proposed amended complaint addresses the Rule 23 requirements that are absent from plaintiff's initial complaint. Further, the Court rejects Nordstrom's argument that plaintiff's proposed amendment is futile because she did not comply with Local Rule 23-3. This is so because Local Rule 23-3 did not apply to plaintiff's original complaint, which did not include class allegations.[3]

---

[2] For the same reasons, the Court finds that plaintiff did not act in bad faith or with undue delay as prohibited by Rule 15(a).

[3] The cases upon which Nordstrom relies that were dismissed for non-compliance with Local Rule 23-3 are distinguishable because they were brought as class actions. See, e.g., Archila v. KFC U.S. Properties, Inc., 420 Fed. Appx. 667, 668 (9th Cir. 2011) (affirming district court's dismissal where class allegations appeared in plaintiff's complaint); Watson v. Schwarzenegger, 347 Fed. Appx. 282, 284 (9th Cir. 2009)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

Finally, the Court finds that granting plaintiff leave to file an amended complaint will not unfairly prejudice Nordstrom. The allegations at the heart of this case—that Nordstrom failed to provide seating to cosmetic salespeople—remain unchanged. The proposed amended allegations relate to class action procedure and have no impact on the factual issues underlying the case, the group affected, or the relief sought. Cf Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding prejudice where the claims the plaintiff sought to add "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.").

Nordstrom's argument that it will suffer prejudice based on discovery it has taken is unavailing for two reasons. First, Nordstrom has thus far sought only limited discovery. It has taken only one deposition and propounded only a single set of written document requests. Declaration of Whitney Stark ("Stark Decl.") ¶¶ 1–3. Second, the discovery that Nordstrom has already undertaken remains equally relevant to the proposed amended complaint because it relates to plaintiff's representative PAGA claim—the only claim plaintiff asserts in her proposed amended complaint.[4]

Accordingly, the Court concludes that plaintiff's motion to amend the scheduling order and for leave to file an amended complaint should be granted.

---

(affirming denial of motion for class certification as moot where plaintiff did not comply with Local Rule 23-3); Seig v. Yard House Rancho Cucamonga, LLC, 2007 WL 6894503, at *1–2 (C.D. Cal. Dec. 10, 2007) (plaintiff filed case as putative class action, but failed to comply with Local Rule 23-3).

The Court advises plaintiff that once her amended complaint is filed, Local Rule 23-3's 90-day clock to file a motion for class certification will begin to run. Should plaintiff require additional time, she must request leave of Court.

[4] Similarly, that plaintiff has conducted discovery on her PAGA claim does not unfairly prejudice Nordstrom. All of the discovery taken by plaintiff was undertaken with the understanding that this case was brought as a representative action on behalf of all cosmetic salespeople who worked for Nordstrom in California. Accordingly, plaintiff will likely not require to repeat any of the discovery that she has previously undertaken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

### B. Nordstrom's Motion for Judgment on the Pleadings

In support of its motion for judgment on the pleadings, Nordstrom argues that plaintiff's PAGA claim should be dismissed because plaintiff failed to comply with Federal Rule of Civil Procedure 23 and because PAGA claims are unconstitutional.

Based on the Court's finding that plaintiff should be permitted to file an amended complaint in which she addresses Rule 23's requirements, Nordstrom's argument that plaintiff has heretofore failed to comply with Rule 23 is moot. Nordstrom's challenge to PAGA's constitutionality is also unavailing as "constitutional challenges to PAGA have been uniformly rejected." Kilby v. CVS Pharmacy Inc., 2012 WL 1969284, *2, fn. 2 (S.D. Cal. May 31, 2012); see also Henderson v. JP Morgan Chase Bank, CV 11-3428 PSG (PLAx), *6–16 (C.D. Cal. May 30, 2012) (PAGA does not violate the California or U.S. Constitutions); Wilner v. Manpower Inc., 2012 WL 1570789, *3–4 (N.D. Cal. May 3, 2012) ("PAGA is not unconstitutional"); Eschavez v. Abercrombie and Fitch Co. Inc., CV 11-9754 GAF (PJWx), 2012 U.S. Dist. LEXIS 34381, *22 (C.D. Cal. May 12, 2012) ("[C]ourts and advocates alike have litigated under PAGA for approximately eight years with virtually zero debate over the statute's constitutionality. That silence speaks volumes.") (citation omitted).

### IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to modify the scheduling order and for leave to file an amended complaint is GRANTED and amends the dates as follows:

Factual Discovery Cut-off: October 4, 2012;
Settlement Completion Cut-off: October 17, 2012;
Last Day to File Motions: December 31, 2012;
Exchange of Expert Reports Cut-off: October 19, 2012;
Exchange of Rebuttal Reports Cut-off: December 19, 2012;
Expert Discovery Cut-off: January 18, 2013;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 11-08471 CAS (MRWx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | JESSIKA TSENG; ET AL V. NORDSTROM, INC., ET AL. | | |

Status Conference re: Settlement **(11:00 A.M.): November 5, 2012**;
Pretrial Conference/Hearing on Motions in Limine **(11:00 A.M.): March 11, 2013;**
and Jury Trial **(9:30 A.M.): (to be set at the Pretrial Conference).**

Defendant's motion for judgment on the pleadings is DENIED.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |