UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | 2:11-cv-08471-CAS(MRWx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | JESSIKA TSENG ET AL. V. NORDSTROM, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants

Not Present   Not Present

**Proceedings:**   **(In Chambers:)** PLAINTIFFS' MOTION TO STAY CASE PENDING CALIFORNIA SUPREME COURT'S ANSWERS TO THE NINTH CIRCUIT'S CERTIFIED QUESTIONS (dkt. 168, filed March 24, 2014)

**(In Chambers:)** DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (dkt. 170, filed March 31, 2014)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing dates of April 21 and May 12, 2014, are vacated, and the matter is hereby taken under submission.

On January 15, 2014, the Court denied plaintiffs' motion for class certification. Shortly before that ruling, the Ninth Circuit certified to the California Supreme Court several questions concerning the interpretation of § 14, the California seating regulation at issue in this case. Kilby v. CVS Pharmacy, Inc., 739 F.3d 1192, 1194 (9th Cir. 2013). At the time of this Court's ruling, the California Supreme Court had not yet decided whether to accept the Ninth Circuit's certified question. As such, this Court specified that its denial of plaintiffs' motion for class certification was without prejudice, subject to potential renewal if California Supreme Court answered the Ninth Circuit's certified questions. On March 12, 2014, the California Supreme Court accepted the Ninth Circuit's certified questions.

On March 24, 2014, plaintiffs moved to stay this case pending the California Supreme Court's answers to the Ninth Circuit's certified questions. Dkt. 168. On March 31, 2014, Nordstrom opposed this motion, dkt. 169, and filed its own motion for judgment on the pleadings, dkt. 170.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        JS-6

| Case No. | 2:11-cv-08471-CAS(MRWx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | JESSIKA TSENG ET AL. V. NORDSTROM, INC. | | |

The Court finds that this case should be stayed. In deciding whether to stay a pending proceeding, the Court weighs "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265 (9th Cir. 1962)). Taking these factors in reverse order, the Court first finds that the orderly course of justice would be aided by waiting for the California Supreme Court to clarify the seating obligation imposed by § 14. As the Ninth Circuit expressly recognized in Kilby, "there is no controlling California precedent explaining how Section 14 . . . should be interpreted" and "[t]he ambiguity of Section 14 and the consequences of its meaning to the citizens of California lead us to conclude that its interpretation should be left to the California Supreme Court." Kilby, 739 F.3d at 1195 (9th Cir. 2013). In light of this "ambiguity," there is simply no sound basis for resolving this case absent further guidance from the California Supreme Court. Similar considerations lead this Court to conclude that plaintiffs would suffer substantial hardship if compelled to go forward; in particular, plaintiffs may be forced to litigate and perhaps even lose this case under an incorrect interpretation of § 14.

The only factor potentially counseling against a stay is the harm that the stay could inflict on Nordstrom. Nordstrom argues that the stay would be of indefinite length, as there is no fixed timetable for the California Supreme Court's resolution of certified questions. Further, postponing adjudication of this case would (1) inflate Nordstrom's potential liability for statutory penalties under the California Private Attorney General Act of 2004 and (2) create the risk of evidence being lost. While the Court recognizes that the stay may lead to these hardships, the Court concludes that they are insufficient to tilt the balance against issuance of a stay. In particular, the Ninth Circuit, by certifying the questions in Kilby, implicitly acknowledged that the California Supreme Court's guidance about § 14 was worth the delay necessary to obtain that guidance.

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion for a stay. Conversely, the Court DENIES without prejudice defendant's motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | 2:11-cv-08471-CAS(MRWx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | JESSIKA TSENG ET AL. V. NORDSTROM, INC. | | |

judgment on the pleadings.   The parties are directed to file status reports every 120 days during the pendency of the stay.

  IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |