UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Tindall<br>Jessica Riggins | Dominic Messiha |

**Proceedings:** DEFENDANT NORDSTROM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 187, filed September 8, 2016)

## I. INTRODUCTION & BACKGROUND

On September 9, 2011, plaintiff Jessika Tseng filed a complaint in the Los Angeles County Superior Court against defendant Nordstrom, Inc. Plaintiff was employed by Nordstrom as a cosmetics counter salesperson from August 2008 until May 31, 2011, at several locations in California. Dkt. 1 Ex A ¶ 6. Plaintiff alleges that Nordstrom violated California Labor Code § 1198 and Industrial Welfare Commission Order No. 7-2001, § 14(A), by failing to provide suitable seats to cosmetics counter salespeople throughout California.

Plaintiff originally filed this case as a representative action on behalf of herself and other cosmetics counter salespeople under the California Private Attorney General Act of 2004, California Labor Code § 2698 et seq. ("PAGA"). On October 13, 2011, defendant removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715. Dkt. 1. Because this Court had found previously that Federal Rule of Civil Procedure 23 "automatically applies in all civil actions and proceedings" in federal court, including PAGA actions, the Court granted plaintiff leave to file a First Amended Complaint ("FAC") complying with Rule 23.[1] Dkt. No. 47.

---

[1] See Fields v. QSP, Inc., 2:12-cv-1238-CAS-PJW, 2012 WL 2049528, *4 (C.D. Cal. June 4, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

Section 1198 of the California Labor Code grants the Industrial Welfare Commission the authority to fix "the maximum hours of work and the standard conditions of labor for employees" and makes it unlawful for an employer to violate any orders of the Commission. The California Private Attorney General Act of 2004, California Labor Code § 2698 et seq., ("PAGA"), in turn, permits an "aggrieved employee" to "bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations." Arias v. Superior Court, 209 P.3d 923, 930 (Cal. 2009) (2009) (citing Cal. Labor Code § 2699(a)).

At issue here is Industrial Welfare Commission Order No. 7-2001 ("Wage Order 7-2001"), which applies to "any industry, business, or establishment operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail." See 8 Cal. Code. Regs. § 11070(2)(H) (codifying Wage Order 7-2001). Plaintiff's sole claim is that defendant violated § 14(A) of this Wage Order, which sets forth the following requirements related to seating: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Id. § 11070(14)(A). Plaintiff contends that Nordstrom does not provide seats to any employees working within the cosmetics departments of the thirty-two Nordstrom stores located within California, in violation of Section 14(A).

On March 25, 2013, the Court denied Nordstrom's motion for summary judgment. Dkt. 119 ("Summary Judgment Order"). The Court concluded that whether the nature of plaintiff's work as a cosmetics counter employee reasonably permitted the use of a seat remained an issue of disputed material fact. Id. at 14.

On January 15, 2014, the Court denied plaintiff's motions for class certification and for appointment as class counsel. Dkt. 164 ("Class Certification Order"). The Court concluded that "the differences between the physical layout of Nordstrom's thirty-two California location [sic] provide a sufficient basis to conclude that common issues do not predominate over individualized issues." Id. at 17.

Shortly before that ruling, on December 31, 2013, the Ninth Circuit certified to the California Supreme Court several questions concerning the interpretation of Section 14(A). Kilby v. CVS Pharmacy, Inc., 739 F.3d 1192, 1194 (9th Cir. 2013). At the time of this Court's ruling, the California Supreme Court had not yet decided whether to accept the Ninth Circuit's certified question. As such, this Court specified that its denial of plaintiffs' motion for class certification was without prejudice, subject to potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

renewal if the California Supreme Court answered the Ninth Circuit's certified questions. Class Certification Order at 18. On March 12, 2014, the California Supreme Court accepted the Ninth Circuit's certified questions. On March 24, 2014, plaintiff moved to stay this case pending the California Supreme Court's answers to the Ninth Circuit's certified questions. Dkt. 168.

On April 2, 2014, the Court stayed the action and denied without prejudice Nordstrom's motion for judgment on the pleadings. Dkt. 171.

On May 9, 2016, the parties submitted a joint report after the California Supreme Court issued its ruling in Kilby v. CVS Pharmacy, Inc., 368 P.3d 554 (Cal. 2016). Dkt. 182. As set forth in more detail below, the California Supreme Court identified the factors that a court should consider when determining whether "the nature of the work reasonably permits the use of seats" under Section (14)(A). See Kilby, 368 P.3d at 563–68. On May 13, 2016, the Court lifted the stay in this action. Dkt. 183.

On September 8, 2016, Nordstrom filed a motion for judgment on the pleadings with respect to plaintiff's remaining PAGA claims, effectively renewing its earlier motion. Dkt. 187-1 ("Motion"). Plaintiff filed her opposition on November 14, 2016, dkt. 199 ("Opp'n"), and Nordstrom filed its reply on December 5, 2016, dkt. 201 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Proceudre 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21–Re/Max Real Estate Adver. Claims Litig., 882 F.Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

admissible in evidence at trial. Charles Alan Wright et al., 5C Federal Practice and Procedure § 1368 (3d ed.).

In deciding a motion for judgment on the pleadings, the court generally is limited to the pleadings and may not consider extrinsic evidence. See Fed. R. Civ. Proc. 12(c) (stating that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court). However, "[i]t is well-settled that materials properly attached as exhibits to the complaint and matters that are subject to judicial notice may . . . be considered in evaluating a motion for judgment on the pleadings." Thomas v. Fin. Recovery Servs., No. 12-cv-01339-PSG-OP, 2013 WL 387968, *2 (C.D. Cal. Jan. 31, 2013) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426, 429–30 & n. 2 (9th Cir.1978); Buraye v. Equifax, 625 F. Supp. 2d 894, 896–97 (C.D. Cal. 2008)). In addition, a district court can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). The court can also consider documents on which the complaint "necessarily relies." See Parrino v. FHP. Inc., 146 F.3d 699, 706 (9th Cir.), cert. denied, 525 U.S. 1001 (1998), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).

### III. DISCUSSION

#### A. The Parties' Arguments

Nordstrom contends that plaintiff's PAGA claims can only be prosecuted on a representative basis, which requires plaintiff to show that she and other current and former employees are similarly aggrieved. Motion at 16, 18. Because the California Supreme Court in Kilby affirmed that an employee's entitlement to a seat under Section 14(a) depends on the "totality of the circumstances," 368 P.3d at 565, Nordstrom argues that the nature of the work performed by its cosmetic sales employees *cannot* be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

determined collectively for all similarly aggrieved employees. Motion at 9. Nordstrom also argues that plaintiff cannot show that she is a suitable representative who can prosecute the action in a manageable fashion because the central question of the case— whether the nature of cosmetic sales work at Nordstrom reasonably permits seating— turns on highly individualized factors. Id. at 18–19. Such factors include the physical layout of the cosmetic counter, the job duties performed on any given day, customer traffic, the number and function of other cosmetic sales employees sharing the counter. Id. at 19. Nordstrom argues that plaintiff cannot proceed on a representative basis because there are substantial variations in cosmetic sales' employees' job duties, the location where those duties are performed, the amount of time spent performing those duties in particular locations and the functionality of that workspace if a seat were added at the counters where plaintiff worked. Reply at 8–9.

Nordstrom also contends that PAGA imposes a statutory manageability requirement on representative actions. Reply at 9. The basis for this assertion is difficult to follow, but it appears that Nordstrom argues the following: California Labor Code § 98.3 is "the code provision underlying PAGA." Id. at 10.² Under Section 98.3, the Labor Commissioner may prosecute actions for the collection of wages and penalties on behalf of individuals financially unable to employ counsel if the Labor Commissioner believes that those individuals have claims that are "valid and enforceable." Id. at 9 (quoting Cal. Lab. Code § 98.3(a)). The Labor Commission may join claimants in one cause of action "after 'list[ing] them with the data regarding their claims in an exhibit' where 'no valid reason exists for making separate causes of action for each individual employee.'" Reply at 9 (quoting Cal. Lab. Code § 100). Therefore, "sections 98.3 and

---

² Nordstrom purportedly reaches this conclusion on the basis of California Labor Code § 2699(h). See Reply at 9 n.16. Setion 2699(h) provides:

> No action may be brought under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person within the timeframes set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

Cal. Lab. Code § 2699(h).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

100 require the Labor Commissioner or a private litigant, *prior* to bringing an enforcement action on behalf of more than one allegedly aggrieved employee: (1) to have facts that establish a *prima facie* case; (2) to know and name all employees for whom there are sufficient facts to make a *prima facie* case; (3) to provide the employer with written information regarding each such employee/claim; and (4) to only join such employees in one suit "where no valid reason exists" for doing otherwise." Reply at 9.

 Plaintiff argues that the relevant question under PAGA is not whether she can represent *all* cosmetics counter employees, but whether she can represent *any* other aggrieved employees. Opp'n at 16–18. Plaintiff asserts that she *can* represent other employees. Id. at 16. Plaintiff contends that, at a minimum, she can represent the other cosmetics counter employees who worked alongside her at the three stores and counters where she worked, because those employees worked in departments of the same size, in the same-shaped cosmetics counters, and at stores with identical sales volume. Id. at 17–18. Such employees also used the same cash registers. Id. at 17. Plaintiff further argues that manageability is not a prerequisite to prosecuting PAGA claims because "every PAGA action in some way requires some individualized assessment regarding whether a Labor Code violation has occurred." Id. at 18 (quoting Plaisted v. Dress Barn, Inc., No. 2:12-cv-01679-ODW, 2012 WL 4356158, at *2 (C.D. Cal. Sept. 20, 2012). Plaintiff contends that "hold[ing] that a PAGA action could not be maintained because the individual assessments regarding whether a violation had occurred would make the claim unmanageable at trial would obliterate" the purpose of PAGA, which is to incentivize private parties to recover civil penalties for the government. Id. at 18 (quoting Plaisted, 2012 WL 4356158, at *2). Even so, plaintiff contends that she can try her case manageably and she presents a trial plan. Opp'n at 23–25. First, plaintiff proposes that, at a pre-trial proceeding, she will present evidence identifying the cashwraps (where the registers are located) and counters at Nordstrom locations that are similar to the three stores where plaintiff worked. Based on this evidence, the Court can determine which counters and cashwraps (if any) are sufficiently similar for the purposes of Kilby to allow evidence regarding them to be presented at trial.[3] Id. at 24. If the Court concludes that

---

 [3] When evaluating whether the "nature of the work reasonably permits the use of seats," Kilby requires that courts "examine subsets of an employee's total tasks and duties by location, such as those performed at a cash register or a teller window, and consider whether it is feasible for an employee to perform each set of location-specific tasks while seated." 368 P.3d at 564. Plaintiff contends that the two key locations are the cosmetics counters and the cashwraps. Opp'n at 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

the cashwraps and counters are sufficiently similar, plaintiff proposes that, at trial, she will present evidence regarding these cashwraps and counters, the duties performed at them, and whether these location-specific duties can feasibly be performed while seated. Id. If the Court concludes that there are no cashwraps and counters sufficiently similar to the ones at which plaintiff worked, then plaintiff will seek penalties only on behalf of the employees who worked at the same stores and counters where plaintiff worked. Id. at 25. Plaintiff asserts that the "scope of the case—whether Plaintiff may represent only other employees who worked at her stores and her cosmetics counters or whether she can represent a broader group of all employees who worked at stores with sufficiently similar cosmetics counters or cash wrap arrangements—can be decided at a later proceeding." Id. at 23.[4]

According to Nordstrom, plaintiff's argument that "her PAGA case should be allowed to proceed only as to Cosmetic Sales Employees who worked at the 'three stores and the same counters where [Tseng] worked'" is an improper attempt to redefine the scope of plaintiffs claim. Reply at 4 (quoting Opp'n at 17–18). Nordstrom argues that plaintiff's FAC seeks to represent "***all*** Cosmetic Sales Employees statewide," not only those who worked at the same counters in her stores. Reply at 5. Nordstrom contends that plaintiff should not be permitted to amend her pleadings at this late stage, more than five years after the suit was brought, after extensive discovery, and after plaintiff has had "every opportunity" to demonstrate that she is a suitable representative for the allegedly aggrieved employees. Id. at 5–6.

### B.   Analysis

---

[4] Plaintiff also argues that Nordstrom improperly asks the Court to take judicial notice of disputed facts and improperly relies on those facts in its motion. Opp'n at 11. Nordstrom contends that it asks the Court only to take judicial notice of the Court's own factual findings and conclusions of law in this case. Reply at 2. The Court may consider evidence submitted that is subject to judicial notice. See Thomas, 2013 WL 387968, *2. "Judicial notice is particularly appropriate for the court's own records in prior litigation related to the case before it." No Cost Conference, Inc. v. Windstream Commc'ns, Inc., 940 F. Supp. 2d 1285, 1295 (S.D. Cal. 2013). Therefore, the Court **GRANTS** Nordstrom's request for judicial notice of the Summary Judgment Order and ithe Class Certification Order. See dkt. 188 ("Nordstrom RJN") Exs. 4, 6. The Court does not rely on facts alleged in Nordstrom's motion for summary judgment or its opposition to plaintiff's motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

The California legislature enacted PAGA after a 2004 budget shortfall that led to understaffing in the Labor and Workforce Development Agency ("LWDA") and insufficient resources to enforce the Labor Code. Ben Nicholson, *Businesses Beware: Chapter 906 Deputizes 17 Million Private Attorneys General to Enforce the Labor Code*, 35 McGeorge L. Rev. 581, 584 (2004). PAGA was intended to address these problems and ensure more vigorous enforcement of the labor and employment laws. Id. PAGA allows an "aggrieved employee" to bring a lawsuit seeking civil penalties arising out of violations of the California Labor Code that could otherwise only be assessed and collected by the LWDA. Cal. Lab. Code § 2699(a). The California Legislature's purpose in creating this new claim was to create "an alternative private attorney general system for labor law enforcement." Dunlap v. Superior Court, 142 Cal. App. 4th 330, 337 (2006). In essence, PAGA "deputizes" employees by allowing them to pursue the same civil monetary penalties that, absent PAGA, would only be available to state law enforcement agents. Franco v. Athens Disposal Co., Inc., 171 Cal.App.4th 1277, 1300 (2009). By deputizing aggrieved employees, the California Legislature intended to create incentives for non-governmental actors to enforce the law in a growing labor market that could not be effectively controlled by public agents. Dunlap, 142 Cal. App. 4th at 337; see also Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1124 (9th Cir. 2014) ("A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief." ); Ochoa-Hernandez v. Cjaders Foods, Inc., No. 08-cv-2073-MHP, 2010 WL 1340777, at *4 (N.D. Cal. Apr. 2, 2010) ("[T]he purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies. . . . Unlike class actions, these civil penalties are not meant to compensate unnamed employees because the action is fundamentally a law enforcement action." (citation omitted)); Hernandez v. DMSI Staffing, LLC., 79 F. Supp. 3d 1054, 1062 (N.D. Cal. 2015) (Chen, J.) (a PAGA action is fundamentally a law enforcement action).

Consistent with the distinct purposes of PAGA and Rule 23, the California Supreme Court has ruled that PAGA claims need not satisfy class action requirements. See Arias, 209 P.3d at 926; see also Baumann, 747 F.3d at 1123 ("[A] PAGA suit is fundamentally different than a class action.").

Nonetheless, courts disagree as to whether PAGA imposes a manageability requirement on plaintiffs. Compare Zackaria v. Wal-Mart Stores, Inc., 142 F. Supp. 3d 949, 958 (C.D. Cal. 2015) (Olguin, J.) ("[T]he court finds defendant's manageability argument inconsistent with PAGA's purpose and statutory scheme."); Plaisted, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

4356158, at *2 ("To hold that a PAGA action could not be maintained because the individual assessments regarding whether a violation had occurred would make the claim unmanageable at trial would obliterate this purpose, as every PAGA action in some way requires some individualized assessment regarding whether a Labor Code violation has occurred."); Nelson v. S. California Gas Co., No. B238845, 2013 WL 2358670, at *18 (Cal. Ct. App. May 30, 2013) ("A conclusion, made in the context of a class certification motion, that individual questions would predominate in companywide class litigation, thereby rendering class action treatment inappropriate, is not the same as a conclusion that the plaintiffs cannot establish there are other 'aggrieved persons' they may properly represent in a PAGA claim.") with Bowers v. First Student, Inc., No. 2:14-cv-8866-ODW EX, 2015 WL 1862914, at *4 (C.D. Cal. Apr. 23, 2015) ("Even if Rule 23 did not apply to PAGA representative claims, such claims can be stricken if they are found to be 'unmanageable.'"); Raphael v. Tesoro Ref. & Mktg. Co. LLC, No. 2:15-cv-02862-ODW, 2015 WL 5680310, at *2 (C.D. Cal. Sept. 25, 2015) (same); Amey v. Cinemark USA, Inc., No. 13-CV-05669-WHO, 2015 WL 2251504, at *16 (N.D. Cal. May 13, 2015) ("[W]hen the evidence shows, as it does here, that numerous individualized determinations would be necessary to determine whether any class member has been injured by Cinemark's conduct, then allowing a representative action to proceed is inappropriate."); see also Patel v. Nike Retail Servs., Inc., No. 14-cv-04781-RS, 2016 WL 7188011, at *4 (N.D. Cal. Dec. 12, 2016) (finding considerations of manageability appropriate, but concluding that—before discovery to ascertain the exact number of aggrieved employees—defendant had not yet demonstrated that plaintiff's PAGA action would be unmanageable).

In light of PAGA's purpose to serve as a "law enforcement action designed to benefit the public and not to benefit private parties," Arias, 209 P.3d at 934, the Court is persuaded by the reasoning of cases declining to impose a manageability requirement on PAGA claims. Class actions are designed "to allow a collection of individual plaintiffs to sue the same defendant in one consolidated action for the sake of convenience and *efficiency*," Moua v. Int'l Bus. Machines Corp., No. 5:10-cv-01070-EJD, 2012 WL 370570, at *3 (N.D. Cal. Jan. 31, 2012) (emphasis added). PAGA, by contrast, is intended to permit to a plaintiff "stand[] in the shoes of the State." Cotter v. Lyft, Inc., 176 F. Supp. 3d 930, 941 (N.D. Cal. 2016). "Holding that individualized liability determinations make representative PAGA actions unmanageable, and therefore untenable," would be inconsistent with PAGA's purpose, because it "would impose a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself." Zackaria, 142 F. Supp. 3d at 959. "In short, the imposition

Case 2:11-cv-08471-CAS-MRW Document 204 Filed 12/19/16 Page 10 of 11 Page ID #:6270

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

of a manageability requirement—which finds its genesis in Rule 23—makes little sense in [the PAGA] context." Id.

The Court also notes that Nordstrom does not cite any authority for its conclusion that PAGA imposes a *statutory* requirement of manageability. Contrary to Nordstrom's assertion, California Labor Code § 2699(h) does not state that Section 98.3 serves as the basis for PAGA actions. Rather, Section 98.3 provides that an aggrieved employee cannot bring a PAGA action if the LWDA or the Labor Commissioner is already pursuing the same claims. See Tan v. GrubHub, Inc., 171 F. Supp. 3d 998, 1012 (N.D. Cal. 2016) ("The plain language of the statute bars an employee from bringing a PAGA action when the LWDA has cited an employer."). In addition, PAGA provides, "[n]otwithstanding any other provision of law," that an aggrieved employee may recover penalties through a civil action "pursuant to the procedures specified in Section 2699.3." Cal. Lab. Code § 2699(a). Section 2699.3 does *not* require a PAGA plaintiff to know and name all the aggrieved employees whom plaintiff represents or to provide the employer with written information regarding each employee and claim. See Cal. Lab. Code § 2699.3 (articulating prerequisites to a PAGA claim).

Whether plaintiff can, in fact, represent other employees—including those who did not work at the same counters and stores as she did—depends on the Kilby factors that determine whether "the nature of the work reasonably permits the use of seats." See 8 Cal. Code Regs. § 11070(14)(A). To demonstrate the nature of the work, plaintiff must present evidence of the "total tasks and duties by location," specifically "the actual tasks performed, or reasonably expected to be performed." See Kilby, 368 P.3d at 564–65. To show that the nature of the work "reasonably permits" the use of seats, plaintiff must demonstrate that "the relevant tasks, grouped by location," can be performed while seated, addressing "considerations of feasibility," which include "an assessment of whether providing a seat would unduly interfere with other standing tasks, whether the frequency of transition from sitting to standing may interfere with the work, or whether seated work would impact the quality and effectiveness of overall job performance." Id. at 565. Other relevant considerations include "[a]n employee's duty to provide a certain level of customer service[,]" and "the physical layout of a workspace." Id. at 566–68. Though it may be burdensome, PAGA does not preclude an inquiry into these factors as they relate to cosmetic counter employees at Nordstrom's 32 California locations. See Zackaria, 142 F. Supp. 3d at 959 ("At trial, plaintiff ay prove that defendant violated the California Labor Code with respect to the employees it describes as 'aggrieved employees,' some of the employees, or he may not prove any violations at all. But the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-8471-CAS(MRWx) | Date | December 19, 2016 |
|---|---|---|---|
| Title | JESSIKA TSENG v. NORDSTROM, INC., ET AL. | | |

fact that proving his claim may be difficult or even somewhat burdensome for himself and for defendant does not mean that he cannot bring it at all."). The Court cannot conclude, at this time, that plaintiff *cannot* provide evidence showing that other cosmetic counter employees are or were entitled to seats under Section 14(A). The Court therefore concludes that Nordstrom has not shown that plaintiff cannot litigate her PAGA claim on a representative basis. However, prior to the dispositive motion cut-off, plaintiff must bring a motion to define the scope of the employees whom she represents.

Finally, the Court notes that, in her opposition to Nordstrom's motion, plaintiff does not seek to limit the aggrieved employees she represents to only those who worked at the counters and stores where plaintiff worked. Rather, plaintiff suggests that, "*at a minimum*," plaintiff will be able to represent employees who have worked at the same counters in the same stores as plaintiff. See Opp'n at 22 (emphasis added). Therefore, the Court concludes that plaintiff does not currently seek to amend the FAC. The Court reserves the right, however, to permit such an amendment—subject to Federal Rules of Civil Procedure 15 and 16—should plaintiff seek to limit the group of aggrieved employees whom she represents.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Nordstrom's motion for a judgment on the pleadings. The Court directs plaintiff to bring, prior to the dispositive motion cut-off, a motion to define the scope of the employees whom she represents. The Court sets a telephonic status conference on **January 20, 2017 at 12:00 PM.**

IT IS SO ORDERED.

|  | 00 | : | 32 |
|---|---|---|---|
| Initials of Preparer | | CL | |