JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIKA TSENG, individually and on behalf of all other current and former similarly-situated employees (as a representative action),<br><br>　　　　Plaintiff,<br>　　vs.<br><br>NORDSTROM, INC., and Does 1 through 50, inclusive<br>　　　　Defendants | Case No.: 11-08471 CAS (MRWx)<br><br>**[PROPOSED]** ORDER APPROVING PAGA SETTLEMENT |

# ORDER GRANTING APPROVAL OF SETTLEMENT

This matter having come before the Court on Plaintiff's Motion for Approval of Settlement, and determining that the Settlement is fair, adequate, reasonable, and otherwise being fully informed and good cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Order incorporates the Stipulation of Settlement. Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Stipulation of Settlement. The Court has jurisdiction over the subject matter of this lawsuit and all matters relating thereto, and over all parties to the lawsuit.

2. The Court finds that the Settlement has been reached as a result of serious and non-collusive, arm's-length negotiations. The Court has considered the nature of the claims, the amounts to be paid in settlement, the allocation of settlement proceeds among the Affected Employees and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court hereby finds the Settlement involves the resolution of a bona fide dispute, was entered into in good faith, and is fair, reasonable, and adequate. The Court therefore approves the Settlement as set forth in the Stipulation of Settlement and directs the Parties to effectuate the Settlement according to the terms outlined in the Stipulation of Settlement.

3. As of the date of this Order, the Plaintiff and Affected Employees shall be bound by the Releases set forth in the Stipulation of Settlement. Except as to such rights or claims that may be created by the Settlement, Plaintiff and all Affected Employees fully release any and all claims that were asserted in the Action or that could have been asserted based on the facts alleged in the action, including but not limited to, claims for alleged failure to provide suitable seating under Section 14 of the applicable Wage Order from September 9, 2010 through the date of this Order.

4. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement are admissions by Defendant, or any of the other Released Parties, of liability

on any of the allegations alleged in the Action, nor is this Order a finding of the validity of any claims in the Action, or of any wrongdoing by the Defendant, or any of the other Released Parties.

5. The Court finds that PAGA Counsel has adequately represented the Plaintiff and Affected Employees for purposes of entering into and implementing the Settlement.

6. Pursuant to the terms of the Settlement, the PAGA Payment of $487,500.00, to be allocated as follows, is hereby granted. Seventy-five (75%) percent of the PAGA Payment, or $365,625.00 will be paid to the LWDA. The remaining twenty-five percent (25%) of the PAGA Payment, or $121,875.00, will be distributed to the Affected Employees.

7. Pursuant to the terms of the Settlement, a Fee and Cost Award in the total amount of $497,500 ($409,051.32 to fees and $88,448.68 to costs) as final payment for and complete satisfaction of any and all attorneys' fees and expenses incurred by and/or owed to PAGA Counsel is hereby granted. The Court finds that the approved amount of PAGA Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The Court finds it appropriate to use lodestar method under the present circumstances, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), and that the lodestar method supports PAGA Counsel's requested attorneys' fees. PAGA Counsel submitted a billing summary reflecting that PAGA Counsel's lodestar totals in excess of $1,910,148. The requested fee award of $409,051.32 is accordingly only 21% of the lodestar incurred.

Further, the Court finds that PAGA Counsel's hourly rates are reasonable given their experience, expertise, and the prevailing rates for attorneys performing similar work. Under the lodestar method, courts should apply rates commensurate with hourly rates for lawyers of "reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The "relevant community" for the purposes of determining the reasonable hourly rate is the district in

which the lawsuit proceeds. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The attorneys who contributed work to this case are experienced in complex class action litigation and regularly litigate cases in California federal and state courts. Collectively, the partners managing the litigation have an extensive history of successfully litigating complex representative and class action cases. The Court therefore finds that PAGA Counsel's hourly rates are reasonable, comparable to those of other class action attorneys with similar experience and years of practice, and within the range of those found to be permissible for attorneys practicing complex and class action litigation in the Central District/Los Angeles area market.

Further, the hours recorded by PAGA Counsel are reasonable. PAGA Counsel has spent over 3704.64 hours litigating this case to date. The summaries set forth in the Tindall Declaration describe the work performed by PAGA Counsel, which includes substantial pre-filing investigation, drafting multiple complaints, propounding discovery, preparing initial disclosures, reviewing thousands of documents, engaging in a detailed data analysis, taking and defending dozens of depositions, briefing and arguing class certification, summary judgment and multiple motions for judgment on the pleadings, preparing for and attending multiple mediations, negotiating the settlement, and other tasks necessary to this litigation. The Court accordingly finds that the hours recorded by PAGA Counsel were reasonable and necessary to the litigation of the case.

In sum, given the substantial work performed by PAGA Counsel over more than six years of investigation and litigation, the requested fee award is objectively reasonable under the lodestar method of calculation.

The Court finds further that the request for $88,448.68 in litigation expenses is reasonable. PAGA Counsel has submitted a declaration indicating that the requested costs here are recoverable because they are both relevant to the litigation and reasonable in amount. Since the outset of this litigation, PAGA Counsel has incurred unreimbursed costs prosecuting this case on behalf of the Class, including costs for depositions, expert witnesses, and travel for depositions and hearings. PAGA Counsel put forward these

out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this litigation.

Accordingly, the Court approves Plaintiffs' request for attorneys' fees and costs in the amount of $497,500.00.

The payment of the Fee and Cost Award to PAGA Counsel shall be made in accordance with the terms of the Stipulation of Settlement.

8. Pursuant to the terms of the Settlement, the Court finds that a $10,000 service award for the named Plaintiff is reasonable and appropriate. Ms. Tseng submitted a declaration detailing the ways in which she assisted PAGA Counsel in the litigation of this case, and the award is appropriate in light of the stated purpose of PAGA.

9. Defendant shall not be required to pay any additional amounts in connection with the Settlement other than those amounts specifically set forth in the Stipulation of Settlement however, pursuant to the Settlement, Defendant shall pay the costs of Settlement Administration separately and in addition to the Total Settlement Amount.

10. With respect to Plaintiff, any and all disputes and claims alleged in the Action and any and all claims released in the Stipulation of Settlement, including the claims in the Action and any other Released Claims as set forth in paragraphs 37 and 39 of the Stipulation of Settlement, are hereby dismissed with prejudice.

11. The terms of the Stipulation of Settlement, and this Order and Judgment are binding on the Plaintiff and the Affected Employees, as well as their heirs, executors and administrators, successors, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute Released Claims as set forth in the Settlement Agreement.

12. Neither this Order nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order) is, may be

construed as, or may be used as, an admission or concession by or against Defendants or the Released Parties of the validity of any claim or actual or potential fault, wrongdoing or liability.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relate to it, shall not be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Order and the Settlement Agreement; provided, however, that this Order and the Settlement Agreement may be filed in any action against or by Defendant or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

13. The Court reserves exclusive and continuing jurisdiction over the lawsuit for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

14. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Dated:  January 8, 2018

**HONORABLE CHRISTINA A. SNYDER**
**UNITED STATES DISTRICT COURT JUDGE**